IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ROY JAMES BARDWELL, SR.,

        Plaintiff,

v.

ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES,

        Defendants.

Case No. 08-cv-02998

## DEFENDANTS ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME the defendants, ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, by and through their attorneys, Gregory D. Conforti of JOHNSON & BELL, LTD., and for their Answer and Affirmative Defenses to Plaintiff's Complaint, hereby state as follows:

    1.    The Plaintiff is a resident of the State of Illinois. The Defendant is a resident of the State of Delaware. Jurisdiction is predicated upon full diversity between the parties.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

    2.    Plaintiff was driving his truck from ALLIED on May 23, 2006. At the intersection of Route 30 and Lincoln Highway in Cook County, Illinois, the load that ALLIED had secured shifted and flipped Plaintiff's truck. As a direct and proximate result of this Plaintiff was seriously injured.

    **ANSWER:**    Pursuant to Federal Rule of Civil Procedure 8(b)(5), the defendants lack knowledge or information sufficient to form a belief of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

    3.    At that date, time and place, ALLIED ha a duty to properly secure the load so that it would not shift during transit. This duty is codified in 625 ILCS 5/15-109 (2008). At all times

relevant to the complaint, Roy Bardwell was driving his truck in a prudent and careful manner. Despite this, the load shifted.

**ANSWER:** Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. As a direct and proximate result of Defendant's failures, Plaintiff was injured.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 8(b)(5), the defendants lack knowledge or information sufficient to form a belief of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

NOW COME the Defendant, ALLIED WASTE TRANSPORTATION, INC., D/B/A ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD AND GROEN WASTE SERVICES, by and through their attorneys, JOHNSON & BELL, LTD., and pleading in the alternative and without prejudice to any of their previous denials, for their Affirmative Defenses to the Plaintiff's Complaint at Law, states as follows:

## FIRST AFFIRMATIVE DEFENSE – CONTRIBUTORY NEGLIGENCE

NOW COME the Defendant, ALLIED WASTE TRANSPORTATION, INC., D/B/A ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD AND GROEN WASTE SERVICES, by and through their attorneys, JOHNSON & BELL, LTD., and pleading in the alternative and without prejudice to any of their previous denials, for their First Affirmative Defense, state as follows:

1. At all relevant times herein, the plaintiff had a duty to exercise due care and caution for his own safety.

2. Notwithstanding the above duty, the plaintiff breached said duty in one or more of the following ways:

a) Failed to keep a proper lookout in and about the area surrounding him;

    b)    Failed to avail himself of safer means, methods and places to conduct his activities;

    c)    Carelessly and negligently failed to observe and avoid an open and obvious condition;

    d)    Failed to avoid an accident;

    e)    Failed to secure and monitor his load pursuant to the provisions of the Federal Motor Carrier Safety Act.

WHEREFORE, the Defendant, ALLIED WASTE TRANSPORTATION, INC., D/B/A ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD AND GROEN WASTE SERVICES, prays that if judgment is entered against it, which it denies and will continue to deny, and if the plaintiff is found to be more than 50% percent responsible for his own alleged injuries and damages, then judgment be entered in favor of Defendant and against the Plaintiff. In the alternative, if the Plaintiff's conduct is found to be 50% or less responsible for his own alleged injuries and damages, then any judgment entered against Defendant, which it denies and continue to deny, be reduced in an amount that would be commensurate with the degree of misconduct of the Plaintiff, in causing his own alleged injuries and damages.

### SECOND AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

NOW COME the Defendant, ALLIED WASTE TRANSPORTATION, INC., D/B/A ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD AND GROEN WASTE SERVICES, by and through their attorneys, JOHNSON & BELL, LTD., and pleading in the alternative and without prejudice to any of their previous denials, for their Second Affirmative Defense, state as follows:

    1.    At all times relevant hereto, Plaintiff had a duty to exercise ordinary care to obtain

medical treatment and comply with his doctors' instructions regarding medical treatment, which he obtained.

    2.    Plaintiff breached the foregoing duty in one or more of the following respects:

        (a)    Failed to seek treatment within a reasonable time after her alleged injuries; and

        (b)    Failed to comply with doctors' recommendations.

    3.    As a direct and proximate result of one or more of the above, Plaintiff unreasonably extended his alleged pain and suffering.

    4.    If Plaintiff suffered any damages from this accident, which Defendant denies and continue to denies, then said damages were a proximate result of Plaintiff's breach of his duty to exercise ordinary care to obtain medical treatment within a reasonable time after his alleged injury and to comply with his doctors' conservative treatment instructions.

### THIRD AFFIRMATIVE DEFENSE – SOLE PROXIMATE CAUSE

NOW COME the Defendant, ALLIED WASTE TRANSPORTATION, INC., D/B/A ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD AND GROEN WASTE SERVICES, by and through their attorneys, JOHNSON & BELL, LTD., and pleading in the alternative and without prejudice to any of their previous denials, for their Third Affirmative Defense, state as follows:

    1.    At the time of the incident alleged in the Plaintiff's Complaint, if Plaintiff sustained any damages, which is denied, it was the negligent acts and/or omissions of the Plaintiff and/or some other tortfeasor, which were the sole proximate cause of the Plaintiff alleged injuries and damages.

    2.    Plaintiff and/or some other tortfeasor are precluded from seeking contribution for damages proximately caused by their own negligence.

WHEREFORE, the Defendant, ALLIED WASTE TRANSPORTATION, INC., D/B/A ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD AND GROEN WASTE SERVICES, prays that judgment be entered in their favor and against Plaintiff, and that their costs be awarded.

Respectfully submitted,

/s/Gregory D. Conforti
Gregory D. Conforti (ARDC #6198784)
**JOHNSON & BELL, LTD.**
33 West Monroe Street
Suite 2700
Chicago, IL  60603
Telephone:   (312) 372-0770
Facsimile:   (312) 372-9818

5