IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROY JAMES BARDWELL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-02998 |
| | ) | **Judge Blanche M. Manning** |
| ALLIED WASTE TRANSPORTATION, | ) | **Magistrate Judge Maria Valdez** |
| INC., d/b/a ALLIED WASTE SERVICES OF | ) | |
| CRESTWOOD, ALLIED WASTE | ) | |
| TRANSFER OF CRESTWOOD and GROEN | ) | |
| WASTE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| ALLIED WASTE TRANSPORTATION, | ) | |
| INC., d/b/a ALLIED WASTE SERVICES OF | ) | |
| CRESTWOOD, ALLIED WASTE | ) | |
| TRANSFER OF CRESTWOOD and GROEN | ) | |
| WASTE SERVICES, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| K.R. DRENTH TRUCKING, INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**THIRD-PARTY DEFENDANT K.R. DRENTH TRUCKING, INC.'S ANSWERS AND AFFIRMATIVE DEFENSES TO THIRD PARTY COMPLAINT**

**NOW COMES** the Third-party Defendant, K.R. DRENTH TRUCKING, INC., (hereinafter referred to as "DRENTH"), by and through its attorneys, Inman & Fitzgibbons, Ltd., and answers the Third-party Complaint for Contribution of ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, as follows:

1. On May 22, 2006 Plaintiff ROY JAMES BARDWELL, SR. filed his Complaint at Law versus various defendants including ALLIED WASTE TRANSPORTATION, INC.,

d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, seeking recovery for injuries he allegedly sustained on May 23, 2006 while working in his capacity as a truck driver for K.R. DRENTH TRUCKING, INC., a Corporation, at the intersection of Route 30 and Lincoln Highway, Cook County, Illinois. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

> **ANSWER:** Third-party Defendant DRENTH denies that Plaintiff ROY JAMES BARDWELL, SR. filed his Complaint on May 22, 2006. Upon information and belief, DRENTH states Plaintiff's Complaint was filed on May 22, 2008.
>
> Third-party Defendant DRENTH admits that Plaintiff's Complaint seeks recovery for injuries he allegedly sustained on May 23, 2006 at the intersection of Route 30 and Lincoln Highway, Cook County, Illinois.
>
> Third-party Defendant DRENTH denies that Plaintiff's Complaint alleges that ROY BARDWELL SR. was working in his capacity as a truck driver for DRENTH.

2. Defendants/Counter-Plaintiffs have filed their Answers to the Complaint, denying all material allegations of liability and asserting affirmative defenses of comparative fault.

> **ANSWER:** Third-party Defendant DRENTH admits that Defendants/Third-party Plaintiffs filed Answers and Affirmative Defenses to Plaintiff's Complaint.

3. At the time and place aforesaid, counter-defendants, K.R. DRENTH TRUCKING, INC. had a duty to exercise ordinary care and caution for the Plaintiff's safety and to control, supervise and instruct his operations in a manner free of negligence and without creating or failing to warn of hazards they knew or should have known would be hardous to Plaintiff and others present on the property.

> **ANSWER:** Third-party Defendant DRENTH admits only those duties imposed by operation of law and denies all other remaining allegations in paragraph #3.

2

4. On or about May 23, 2006, K.R. DRENTH TRUCKING, INC., individually and through their agents and employees were guilty of breaching their duties of ordinary care to Plaintiff by committing one or more of the following careless and negligent acts or omissions:

(a) Exposed Plaintiff and others to an unreasonable risk of harm by failing to properly control, supervise, coordinate and instruct plaintiff in his operations and activities in such a manner so as to reduce or eliminate the Plaintiff's risk of harm;

(b) Exposed Plaintiff to an unreasonable risk of harm by failing to provide him with notice and warning of known and/or potential hazards regarding the vehicle he was operating and activities he was engaged in before and at the time of the accident.

(c) Failed to properly and adequately warn, supervise, train, instruct and coordinate activities of the plaintiff when they knew or reasonably knew or should have known that same was necessary for the safety of plaintiff and others;

(d) Negligently coordinated operations and activities of the plaintiff so as to cause injury to plaintiff;

(e) Negligently coordinated and instructed plaintiff as to the issues concerning the load he was transporting and the movement of the tractor and trailer without first assuring that such movement could be accomplished safety;

(f) Failed to give proper instruction, training and safety supervision re the hazards of shifting loads and inspections of transported loads.

**ANSWER: Third-party Defendant DRENTH denies each and every allegation in paragraph #4, including subparagraphs (a) – (f) inclusive.**

5. As a direct and proximate result of one or more of the above and foregoing acts or omissions of negligence of the counter-defendants, K.R. DRENTH TRUCKING, INC., ROY JAMES BARDWELL, SR. was injured.

**ANSWER: Third-party Defendant DRENTH denies the allegations in paragraph #5 and demands strict proof thereof.**

6. In the event that judgment is entered in favor of Plaintiff and against ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVIES OF CRESTWOOD,

3

ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, are entitled to contribution from K.R. DRENTH TRUCKING, INC. in an amount equal to the relative degree of fault found attributable to K.R. DRENTH TRUCKING, INC. pursuant to 740 ILCS 100.0/01, *et seq.* also known as the Contribution Among Tortfeasors Act.

> **ANSWER:** Third-party Defendant DRENTH states the allegations in paragraph #6 are legal conclusions; therefore DRENTH denies each and every allegation in paragraph #6.

7. The allegations of this Counterclaim are made without prejudice to any denials made by ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OR CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, and ALLIED WASTE TRANSPORATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES plead in the alternative herein.

> **ANSWER:** Third-party Defendant DRENTH states the allegations in paragraph #7 are legal conclusions; therefore DRENTH denies each and every allegation in paragraph #7.

WHEREFORE, the Third-Party Defendant, K.R. DRENTH TRUCKING, INC. denies that Third-party Plaintiffs ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, are entitled to judgment in any amount and requests judgment in its favor and for costs.

## AFFIRMATIVE DEFENSES

Third-Party Defendant, K.R. DRENTH TRUCKING, INC., by its attorneys Inman & Fitzgibbons, Ltd., in further responding to Defendants/Third-party Plaintiffs ALLIED WASTE TRANSPORTATION, INC., ALLIED WASTE TRANSFER OF CRESTWOOD, and GROEN WASTE SERVICES' Third-Party Complaint for Contribution, asserts the following affirmative defenses. In support thereof, K.R. DRENTH TRUCKING, INC. states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff, ROY JAMES BARDWELL, SR., on the day and date and at the location of the occurrence specified in Plaintiff's Complaint, was under a duty and legal obligation to exercise ordinary care for his own safety.

2. That notwithstanding said legal duty, the Plaintiff, ROY JAMES BARDWELL, SR. was careless and negligent in one or more of the following ways:

   (a) Failed to keep a proper lookout in and about the area surrounding him;

   (b) Failed to avail himself of safer means, methods and places to conduct his activities;

   (c) Carelessly and negligently failed to observe and avoid an open and obvious condition;

   (d) Failed to avoid an accident;

   (e) Failed to secure and monitor his load pursuant to the provisions of the Federal Motor Carrier Safety Act;

   (f) Failed to control the vehicle he was operating by driving too fast for conditions.

3. That the comparative negligence of the plaintiff, ROY JAMES BARDWELL, SR., was the sole proximate cause of any injuries which he sustained on the day and the date and at the location indicated in Plaintiff's Complaint.

WHEREFORE, inasmuch as Plaintiff, ROY JAMES BARDWELL, SR.'S own negligent conduct was the sole proximate cause of his injuries, or alternatively, because his own comparative negligence was a proximate cause of his injuries to an extent in excess of fifty percent (50%), the Plaintiff, ROY JAMES BARDWELL, SR., is hereby barred from recovering in any amount whatsoever as against this defendant; in the alternative, in the event the trier of fact were to ascertain that Plaintiff, ROY JAMES BARDWELL, SR.'S comparative negligence contributed to less than fifty percent (50%) of the fault out of which his injuries arose, the award to plaintiff, as against this defendant, must be reduced by that factor due to plaintiff's own comparative negligence.

WHEREFORE, inasmuch as plaintiff, ROY JAMES BARDWELL, SR.'S own conduct was the sole proximate cause of his injuries, plaintiff is barred from any recovery whatsoever.

### SECOND AFFIRMATIVE DEFENSE

1. The Third Party Defendant, K.R. DRENTH TRUCKING, INC., in the alternative and without prejudice to its other pleadings, for its Second Affirmative Defense to the Third Party Plaintiff's Complaint states as follows:

2. Pursuant to 820 ILCS 305/5(b) of the Workers' Compensation Act and <u>Kotecki v. Cyclops Welding Corp.</u>, 146 Ill.2d 155 (1999), and its progeny, an employer's liability in a third party contribution action is limited to the amount paid or to be paid under a workers' compensation claim.

3. Plaintiff filed a workers' compensation claim against this Third Party Defendant under Industrial Commission number 06 WC 26705 and 07 WC 00798.

4. Any liability attributed to this Third Party Defendant should be limited to any workers' compensation benefits paid.

WHEREFORE, the Third Party Defendant, K.R. DRENTH TRUCKING, INC., if found liable under the allegations of ALLIED WASTE TRANSPORTATION, INC., ALLIED WASTE TRANSFER OF CRESTWOOD, and GROEN WASTE SERVICES' Third Party Complaint, should not be liable in contribution for any amount exceeding the benefits paid out under the workers' compensation claim.

Respectfully submitted,

By: /s/ Paul Tsukuno
One of the Attorneys for DRENTH

Paul A. Tsukuno, Esq.
Colin M. Mills, Esq.
Inman & Fitzgibbons, Ltd.
33 North Dearborn Street
Chicago, IL 60602
(312) 422-0550
Attorney Id.: 2862492 (Tsukuno)
Attorney Id.: 6286878 (Mills)