IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY JAMES BARDWELL, SR., <br><br> Plaintiff, <br><br> v. <br><br> ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, <br><br> Defendants. | Case No. 08-cv-02998 <br> Honorable Judge Manning <br><br> Magistrate Judge Valdez |

## ALLIED WASTE'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants, Allied Waste Transportation, Inc., d/b/a Allied Waste Services of Crestwood, Allied Waste Transfer of Crestwood and Groen Waste Services (hereinafter referred to collectively as "Allied Waste") submits this memorandum of law in support of its motion for summary judgment. In support, Defendant states as follows:

### INTRODUCTION

Plaintiff has filed a Complaint at Law herein, seeking to recover damages for injuries he allegedly sustained as a result of a one car motor vehicle accident occurring at the intersection of Route 30 and Lincoln Highway in Cook County, Illinois, when his load shifted causing his truck to flip. *See* Exhibit A, paragraph 2, pg. A1. The Plaintiff, in his Complaint, alleges that the Defendants had a duty to properly secure the load so that it would not shift during transit, and that as a direct and proximate result of this failure he was injured. *See* Exhibit A, paragraph 3-4, pgs. A1-A2.

Defendants' Motion for Summary Judgment should be granted because the record in this matter is devoid of any evidence that the Defendants were the proximate cause of the Plaintiff's injuries or that the Defendants' owed any duty to the Plaintiff.

The record is devoid of any positive or affirmative proof that demonstrates that Defendants were negligent in its actions of loading the Plaintiff's truck, or of any other failure of Federal rules, regulations, ordinances, laws with regard to any duty to secure the Plaintiff's load once he left the Crestwood Facility Transfer Stations. As such, judgment as a matter of law should be entered.

**Argument**

    A.    **Summary Judgment Standard**

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, courts must "construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." Allen v. Cedar Real Estate Group, LLP, 236 F.3d 374, 380 (7th Cir. 2001). "If, however, the record as a whole 'could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Id. Once a motion for summary judgment has been filed, "the burden shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial." Liu v. T&H Machine, Inc., 191 F.2d 790, 796 (7th Cir. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2549 (1986)). A mere scintilla of evidence in

support of the non-movant's position is insufficient. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

B. **Application of Illinois Substantive Law**

It is axiomatic that a Federal District Court exercising diversity jurisdiction shall apply the substantive law of the state in which it sits. Erie R.R. Co. v. Tompkins, 305 U.S. 64m 74-75 (1938). Thus, Illinois law supplies the elements the Plaintiff must prove to prevail in this diversity suit. Lane v. Hardee's Food Systems, Inc., 184 F.3d 705, 707 (7th Cir. 1999), *citing* Doe v. Roe No. 1, 52 F.3d 151, 154 (7th Cir. 1995).

C. **Plaintiff Has Failed to Present Any Evidence of Defendants' Negligence, and Thus Cannot Establish Proximate Cause**

The Illinois Supreme Court had held that in any negligence action, the plaintiff bears the burden of proving not only duty and breach of duty, but also that defendant proximately caused plaintiff's injury. *Leonardi v. Loyola University of Chicago, et al.,* 168 Ill.2d 83, 93 658 N.E.2d 450 (1995). In order to recover for negligence the burden is upon the plaintiffs to prove the alleged negligence is the proximate cause of their injury. Plaintiff cannot offer any evidentiary facts to create a genuine issue of material fact on the issue of proximate cause; consequently, Defendants are entitled to summary judgment as a matter of law.

Although the issue of proximate cause ordinarily is a question of fact, it becomes a question of law where the undisputed facts are such that no reasonable person could infer facts that a defendant's acts were the cause of a plaintiff's injuries. *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.,* 212 Ill.App.3d 732, 737, 571 N.E.2d 796 (1st Dist. 1991); *see also Bickerman v. Wosik,* 245 Ill.App.3d 436, 439, 614 N.E.2d 551 (3rd Dist. 1993) (summary

3

judgment affirmed where no one knew how accident occurred and circumstantial evidence did not lead to a single conclusion). "The right to resolution of issues by the jury exists *only* if there are factual disputes of some substance." *Poelker v. Warrensburg Latham Cmty. Unit School Dist. No. 11*, 251 Ill.App.3d 270, 276, 621 N.E.2d 940 (4th Dist. 1993) *citing Pedrick v. Peoria & Easter, R.R. Co.*, 37 Ill.2d 494, 505, 229 N.E.2d 504 (1967) (emphasis added).

It is well established in Illinois, that the term "proximate cause" encompasses two distinct requirements: cause in fact and legal cause. *Lee v. Chicago Transit Authority*, 152 Ill.2d 432, 455, 605 N.E.2d 493, 502 (1992). The first requirement, cause in fact, is present "when there is a *reasonable certainty* that a defendant's acts caused the injury or damage." *Id.* (emphasis added); *see also Schultz v. Hennessy Industries*, Inc., 222 Ill.App.3d 532, 540, 584 N.E.2d 235 (1st Dist.1991); *Williams v. Chicago Bd. of Educ.*, 267 Ill.App.3d 446, 451, 642 N.E.2d 764 (1st Dist. 1994). Proximate cause cannot be established by speculation, surmise or conjecture. *Majetich v. P.T. Ferro Construction*, No. 3-08-0104, (3rd Dist., 2009).

In *Leavitt v. Farwell Tower Ltd.*, 252 Ill.App.3d 260, 625 N.E.2d 48 (1st Dist. 1993), the plaintiff's argument was supported by an affidavit from an elevator mechanic stating that the failure to install or recommend installation of spirators (an automatic door closure devise) in an elevator repair situation was a deviation from safe practices. *Leavitt*, 252 Ill.App.3d at 263-64. The decedent was found dead at the bottom of an elevator shaft and his mail was found in the hallway several floors up. *Leavitt*, 252 Ill.App.3d at 263. Plaintiff sought to infer that the decedent entered the shaft mistakenly believing the elevator to be present. Defendant argued that it was just as likely that the decedent "may have jumped into the elevator shaft, slipped into the elevator shaft, fallen while reaching into the shaft in an attempt to fix the elevator, run into the shaft or forced the doors open himself." *Leavitt*, 252 Ill.App.3d at 267-68. The *Leavitt* court

held that *the existence of a fact cannot be inferred when a contrary fact could be inferred with equal certainty from the same set of circumstances. Leavitt*, 252 Ill.App.3d at 268. When attempting to prove causation in Illinois, a plaintiff must show circumstances which justify an *inference of probability*, as opposed to mere *possibility. Leavitt*, 252 Ill.App.3d at 268.

The *Leavitt* court concluded that it was no more likely that the lack of spirators caused decedent's death than it was that they did not cause his death, and as such, causation was speculative. *Id.*; *see also Estate of Kellman v. Twin Orchard Country Club*, 202 Ill.App.3d 968, 974-75, 560 N.E.2d 888 (1st Dist. 1990) (holding that the possibility that an allegedly unreasonably dangerous shower stall and basin caused a patron to slip and fall was insufficient to establish a causal relationship between the alleged negligence and the patron's injuries in the wrongful death action); *Stojkovich v. The Monadnock Building*, 281 Ill.App.3d 733, 739, 666 N.E.2d 704 (1st Dist. 1996) ("If the circumstantial evidence allows for an inference of the nonexistence of a fact which is just as probable as its existence, then the conclusion that it exists is not a reasonable inference, but rather a matter of speculation, surmise, and conjecture"); *Gyllin*, 260 Ill.App.3d at 716 (summary judgment for defendant affirmed where Plaintiff was unable to present adequate circumstantial evidence to show that paint fumes caused him to black out, which then caused him to have a car accident).

The evidence in this case demonstrates only that there was one witness to the occurrence and the conditions that allegedly caused it; that being Mr. Bardwell himself. According to the Plaintiff's own testimony upon receiving his load at the Crestwood Transfer Station, he tarped the load and scaled the load himself. (See Ex. C – Bardwell Dep. at 14:14-15). This included climbing up the trailer and getting inside the load to pull the tarp across, as well as walking across the load. (See Ex. C – Bardwell Dep. at 23:22-24, 42:6-13). The Plaintiff then secured

the load with bungee cords and drove the truck out to the scale, where he received a ticket indicating the truck weight. (See Ex. C – Bardwell Dep. at 42:14-22).

Mr. Bardwell testified that once he left the transfer facility the load is the responsibility of the driver. (See Ex. C – Bardwell Dep. at 43:7-10). Furthermore, it is undisputed that the Defendant loaded the Plaintiff's trucks in compliance with all Federal rules, regulations, ordinances, laws and in accordance with industry custom and practice. (See Affidavit of Kruis at 9, Ex. D, pg. D2). The Plaintiff has not identified or presented a single witness that can state that Defendants caused any condition, which led to the plaintiff's accident.

### D.  The Defendants Did Not Owe Any Duty to the Plaintiff as Matter of Law

It is well established that, in order for a Plaintiff to recover damages based upon a Defendant's alleged negligence, the Plaintiff must allege and prove that the Defendant owed a duty to the Plaintiff, that the Defendant breached that duty, and that the breach was the proximate cause of the Plaintiff's injuries. *First Springfield Bank and Trust v. Galman*, 188 Ill.2d 252, 720 N.E.2d 1068, 1070, 242 Ill. Dec. 113 (1999); *Hills v. Bridgeview Little League Association*, 195 Ill.2d. The determination of the existence of a duty is a question of law appropriately determined by summary judgment. *Green v. Jewel Food Stores, Inc.* 343 Ill.App. 3d 830, 832, 799 N.E.2d 740 (2003).

In order to recover under a negligence theory, a plaintiff must offer evidence which establishes that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach proximately caused the plaintiff's injuries. Cobb v. Martin IGA & Frozen Food Ctr., Inc., 337 Ill. App. 3d 306, 311-312, 785 N.E.2d 942, 946 (5th Dist 2003). The existence of a duty and the range of protection of that duty in a particular case are questions of law to be resolved by the court. Id. The resolution of these questions depends on whether the

defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation to act reasonably for the benefit of the plaintiff. Id. In determining whether a duty exists in a specific case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon the defendant. Id.

Although the Plaintiff in this case has made an allegation sounding in negligence against Defendants, they have provided no evidence whatsoever to support the contention that the Defendants had any duty relative to or related to an obligation to secure the Plaintiff's load once the Plaintiff left the Crestwood Transfer Facility. In this circumstance, the Plaintiff's allegations in the Plaintiff's Complaint alone are not sufficient to support a finding that the Defendants owed him a duty.

On the contrary, the sworn averments of the Plaintiff absolve the Defendants of any duty. The plaintiff's own testimony does not indicate the existence of any relationship between the Defendants and the Plaintiff that would give rise to the existence of any duty between the parties. In fact, the Plaintiff testified that the Federal Motor Carrier Safety Act contains provisions related to the inspection of cargo, cargo securement devices and systems and that it is the responsibility of commercial motor vehicle operators and drivers to comply with the provisions. (See Ex. C – Bardwell Dep. At 27:15-23). Plaintiff further admits that the Commercial Vehicle Code, the Federal Motor Carrier Safety Act, Section 392.9(b), places upon drivers of a truck or tractor-trailer an obligation to assure himself that the provisions of paragraph (a), referring to the evenly distributed cargo are in compliance prior to driving a commercial motor vehicle. (See Ex. C – Bardwell Dep. at 28:19-29:5). Given the absence of the Plaintiff's ability to establish a

relationship between the Defendants and the Plaintiff it is thus, not necessary to consider the other factors in determining whether a duty exist between the parties.

As such, by the Plaintiff's own admission, the Defendants do not owe a duty to the Plaintiff and Summary Judgment in favor of the Defendants is appropriate.

**Conclusion**

WHEREFORE, for the foregoing reasons, Defendants, Allied Waste Transportation, Inc., d/b/a Allied Waste Services of Crestwood, Allied Waste Transfer of Crestwood and Groen Waste Services, prays that summary judgment be entered in its favor and against the Plaintiff, Roy James Bardwell, Sr.

Dated this 3rd day of November, 2009.

                              Respectfully submitted,

                              /s/ Paige C. Manley
                              Gregory D. Conforti
                              Christopher W. Loweth
                              JOHNSON & BELL, LTD.
                              33 West Monroe Street
                              Suite 2700
                              Chicago, Illinois 60603
                              Telephone: (312) 372-0770
                              Facsimile: (312) 372-9818