IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY JAMES BARDWELL, SR.,<br>    Plaintiff,<br>-vs-<br>ALLIED WASTE TRANSPORTATION,<br>INC., d/b/a ALLIED WASTE SERVICES<br>OF CRESTWOOD, ALLIED WASTE<br>TRANSFER OR CRESTWOOD and<br>GROEN WASTE SERVICES,<br>    Defendants.<br>-----------------------------------------------<br>ALLIED WASTE TRANSPORTATION,<br>INC., d/b/a ALLIED WASTE SERVICES<br>OF CRESTWOOD and GROEN WASTE<br>SERVICES,<br>    Counter-Plaintiffs,<br>-vs-<br>K.R. DRENTH TRUCKING, INC.,<br>    Counter-Defendant. | NO.: 08 CV 02998<br>Judge Blanche M. Manning<br>Magistrate Judge Maria Valdez |

**ANSWER TO COUNTS II and III OF THE**
**FIRST AMENDED THIRD-PARTY COMPLAINT**

Now comes the Counter-Defendant, K.R. DRENTH TRUCKING, INC., by and through its attorneys, LAW OFFICES OF MEACHUM and STARCK, and as its answers to Counts II and III of the First Amended Third-Party Complaint, states as follows:

**COUNT II-INDEMNITY**

12-16. Defendant/Counter-Plaintiff, Allied Waste, restates and realleges paragraphs 5-9 of Count I of its Third-Party Complaint as paragraphs 12-16 of Count II as though fully set forth herein.

ANSWER:    Counter-Defendant repeats and realleges its answers to paragraphs 5 through 9 of Count I of the Third-Party Complaint as set forth in the answer filed by the Law Firm of Inman and Fitzgibbons, Ltd., as its answers to paragraphs 12 through 16 of Count II of the First

Amended Third-Party Complaint, as if the answers were fully set forth herein.

17. Defendant/Counter-Plaintiff, Allied Waste and Counter-Defendant, K.R. Drenth Trucking, Inc. entered into and executed the Transportation Service Agreement on December 31, 1998, which was amended by way of Amendment to Transportation Service Agreement and Amendments are attached and incorporated herein as Exhibit "B".

ANSWER: Counter-Defendant admits to having entered into various transportation service agreements with Allied Waste, but deny that Counter-Plaintiff has accurately stated the date of First Amendment, and denies that the agreement and amendments were attached as exhibits to Counter-Defendant's copy of the First Amended Third-Party Complaint.

18. The Transportation Service Agreement and Amendments are all signed by both Defendant/Counter-Plaintiff, Allied Waste, and Counter-Defendant, K.R. Drenth Trucking and were in full force and effect on May 23, 2006.

ANSWER: Counter-Defendant admits that the referenced documents were signed by Allied Waste and K.R. Drenth Trucking, Inc., but makes no answer to the remaining allegation contained in paragraph 18, because it calls for a legal conclusion.

19. The Transportation Service Agreement provides in pertinent part:

> 4.2. **Indemnification**. Hauler shall indemnify, hold harmless and defend company from and against any and all liabilities, suits, actions, legal proceedings, claims, demands, damages, costs and expenses (including attorney's fees) arising out of any act or omission of Hauler, its agents or employees in the performance of the Services. This obligation shall survive the expiration or earlier termination of this Agreement.

ANSWER: Counter-Defendant admits that the Transportation Service Agreement dated December 31, 1998 contains an indemnification clause as referenced in paragraph 19 of the First Amended Third-Party Complaint, but makes no answer to the remaining allegation contained in

paragraph 19, as the documents speak for itself and the allegation calls for an opinion, rather than fact, as to what is pertinent.

20. Pursuant to the above cited contract provisions and the plaintiff's complaint, K.R. Drenth Trucking, Inc. has a duty to indemnify Allied Waste for the entire amount any the judgment rendered in favor of Plaintiff in this matter. Allied Waste is further entitled to any and all costs, expenses, and attorneys' fees incurred in defending this action.

ANSWER: Counter-Defendant denies the allegations contained in paragraph 20.

WHEREFORE, the Counter-Defendant, K.R. DRENTH TRUCKING, INC., denies that the plaintiff is entitled to judgment in any amount whatsoever, and prays this lawsuit be dismissed against it and costs assessed against the plaintiff.

## COUNT III-BREACH OF CONTRACT

21-29. Defendant/Counter-Plaintiff, Allied Waste restates and realleges paragraphs 12-20 of its Third-Party Complaint as paragraphs 21-29 of Count III as though fully set forth herein.

ANSWER: Counter-Defendant repeats and realleges its answers to paragraphs 12 through 20 of Count II of the First Amended Third-Party Complaint, as its answers to paragraphs 21 through 29 of Count III of the First Amended Third-Party Complaint, as if the answers were fully set forth herein.

30. Additionally, the Transportation Service Agreement in pertinent part provides:

> 1.1 **Performance of Services**. Hauler shall perform the Services in a professional and workmanlike manner and in compliance with all applicable laws, ordinances, regulations and permits including all regulations and rules associated with the removal and acceptance of waste governing the Company's transfer stations and landfills.

ANSWER: Counter-Defendant admits that the language contained in paragraph 30 is included in the Performance of Services section of the Transportation Service Agreement dated December

31, 1998, but makes no answer to the remaining allegations contained in paragraph 30, as it calls for a conclusion as to what is pertinent.

31. Pursuant to Section 4.1 of the Transportation Service Agreement, entitled "Insurance" K.R. Drenth Trucking, Inc. agreed to keep insurance for Worker's Compensation, Employer's Liability, Public Liability and Automobile Liability in full force and effect, naming Allied Waste as an additional insured.

ANSWER: Counter-Defendant makes no answer to paragraph 31 of Count III of the First Amended Third-Party Complaint, as the documents speaks for itself and it calls for a legal conclusion.

32. Under the Transportation Service Agreement and pursuant to the section entitled "Indemnification" and "Performance of Services" K.R. Drenth trucking, Inc. assumed responsibility to perform its services in compliance with all applicable laws, ordinances, regulations and permits.

ANSWER: Counter-Defendant makes no answer to paragraph 32 of Count III of the First Amended Third-Party Complaint, as the documents speaks for itself and it calls for a legal conclusion.

33. K.R. Drenth Trucking, Inc. Further agreed to indemnify, hold harmless and defend Company from and against any and all liabilities, suits, actions, legal proceedings, claims, demands, damages, costs, and expenses (including attorney's fees) arising out of any act or omission of Hauler, its agents or employees in the performance of its services.

ANSWER: Counter-Defendant makes no answer to paragraph 33 of the First Amended Third-Party Complaint, as it calls for a legal conclusion.

34. Additionally, pursuant to Section 4.1 of the Transportation Service Agreement,

entitled "Insurance" K.R. Drenth Trucking, Inc. agreed to keep insurance for Worker's Compensation, Employer's Liability, Public Liability and Automobile Liability in full force an effect, naming Allied Waste as an additional insured.

ANSWER: Counter-Defendant makes no answer to paragraph 34 of Count III of the First Amended Third-Party Complaint, as it is identical to paragraphs 31.

35. On August 8, 2008 Allied Waste tendered its defense to K.R. Drenth Trucking, Inc. pursuant to the terms of the Transportation Service Agreement.

ANSWER: Counter-Defendant admits receiving a tender letter from Allied Waste's insurer, but makes no answer to the remaining allegations contained in paragraph 35, as it calls for a legal conclusion.

36. On October 27, 2008, K.R. Drenth Trucking, Inc., through their insurer, Liberty Mutual Fire Insurance Company, denied the tender of defense, thereby breaching its contractual obligations to Allied Waste pursuant to the Transportation Service Agreement.

ANSWER: Counter-Defendant admits that Allied Waste's tender was denied, but denies all remaining allegations contained in paragraph 36 of the First Amended Third-Party Complaint.

37. On November 3, 2008 and November 8, 2008, Allied Waste again tendered its defense to K.R. Drenth Trucking, Inc. pursuant to the terms of the Transportation Service Agreement, which was again denied by K.R. Drenth Trucking, Inc., through its insurer, Liberty Mutual Fire Insurance Company on December 16, 2008.

ANSWER: Counter-Defendant admits that Allied Waste's tender of defense has not been accepted, but makes no answer to the remaining allegations contained in paragraph 37 of the First Amended Third-Party Complaint, as its calls for a legal conclusion.

38. To date, K.R. Drenth Trucking, Inc. has refused to accept the tender of defense in

breach of its contractual obligations to Allied Waste and pursuant to the terms of the Transportation Service Agreement.

ANSWER: Counter-Defendant denies the allegations contained in paragraph 38.

39. By failing to assume the responsibility required under the terms of the transportation Service Agreement, K.R. Drenth Trucking, Inc. has breached its contractual obligations to Allied Waste.

ANSWER: Counter-Defendant denies the allegations contained in paragraph 39.

40. As a result of the aforesaid breach, Allied Waste has been damaged and been forced to provide for its own defense and indemnity relative to the underlying action, and further forced to pursue a Third-Party action against K.R. Drenth trucking, Inc.

ANSWER: Counter-Defendant denies the allegations contained in paragraph 40.

WHEREFORE, the Counter-Defendant, K.R. DRENTH TRUCKING, INC., denies that the plaintiff is entitled to judgment in any amount whatsoever, and prays this lawsuit be dismissed against it and costs assessed against the plaintiff.

BY: _____
STEVEN K. BECKER, Attorney for
Counter-Defendant

LAW OFFICES OF
MEACHUM and STARCK
225 West Washington Street, S. 1400
Chicago, Illinois 60606
(312) 726-6317
Firm Number: 36250