IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY JAMES BARDWELL, SR., <br><br> Plaintiff, <br><br> v. <br><br> ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, <br><br> Defendants. <br> ALLIED WASTE TRANSPORTATION, INC., d/b/a ALLIED WASTE SERVICES OF CRESTWOOD, ALLIED WASTE TRANSFER OF CRESTWOOD and GROEN WASTE SERVICES, <br><br> Counter-Plaintiff, <br><br> v. <br><br> K.R. DRENTH TRUCKING, INC., <br><br> Counter-Defendant. | Case No. 08-cv-02998 <br> **Judge Blanche M. Manning** <br> **Magistrate Judge Jeffrey Gilbert** |

## JOINT STATUS REPORT

Pursuant to order of the Court, counsel for the parties have conferred and hereby submit their joint status report to the Court.

A.  Counsel for the Parties

Deidre Baummann
Paul Shuldiner
Baumann & Shuldiner
20 S. Clark, Suite 500
Chicago, Illinois 60503
Phone: 630/585-2320

Counsel for Plaintiff and
expected trial attorneys

| | |
|---|---|
| Gregory D. Conforti<br>Paige C. Manley<br>Johnson & Bell<br>33 West Monroe Street, Suite 2700<br>Chicago, IL 60603<br>Phone: 312/372-0770 | Counsel for Defendant and Third Party<br>Plaintiff and expected trial attorneys |
| Paul Tsukuno<br>Inman & Fitzgibbons, Ltd.<br>33 North Dearborn, Suite 1825<br>Chicago, Illinois 60602<br>Phone: 312/422-0550 | Counsel for Third Party Defendant<br>and expected trial attorneys<br>Count I only |
| Steven Backer<br>Law Offices of Meachum & Starck<br>225 W. Washington Street, Suite 1400<br>Chicago, Illinois 60606<br>Phone: 312/726-6317 | Counsel for Third Party Defendant<br>And expected trial attorneys<br>Counts II and III only |

B.  <u>Jurisdictional Basis</u>

28 U.S.C. Section 1331 and 28 U.S.C 1332.

C.  <u>Nature of the Complaint</u>

Plaintiff, Bardwell, filed a Complaint, seeking damages in excess of $75,000 for personal injuries sustained as a result of a motor vehicle accident occurring on Route 30 and Lincoln Highway in Cook County, Illinois, on May 23, 2006, when his truck load shifted. Plaintiff alleged that Defendant/Third Party Plaintiff had secured the load and had a duty to secure the load pursuant to 625 ILCS 5/15-109 (2008). The Complaint further alleged that the load shifted causing the truck to flip.

On September 9, 2009, Defendant/Third Party Plaintiff, Allied, filed a Third Party Complaint and Counterclaim for Contribution against KR Drenth Trucking, Inc. At the time of the accident the Plaintiff was a driver for K.R. Drenth Trucking, Inc. The Third Party Complaint alleges that Third Party Defendant failed to exercise ordinary care and caution for Plaintiff's

safety and control, failed to supervise and instruct his operations in a manner free of negligence without creating or failing to warn of hazards they knew or should have known would be hazardous to Plaintiff and others.

Defendant, Allied Waste, filed a Motion for Summary Judgment, which was subsequently granted by Judge Manning, on February 11, 2010. A written Order was issued in this regard.

On March 17, 2010, Allied filed its First Amended Complaint, which in addition to Contribution sought relief for Indemnity and Breach of Contract against KR Drenth Trucking pursuant to its Transportation Service Agreement and Amendments, which require K.R. Drenth to indemnify and defend Allied Waste against any liabilities, suits, actions, legal proceedings, claims, demands, damages, costs and expenses (including attorney's fees) arising out of any act of omission of its Hauler (Bardwell). Additionally, the Transportation Service Agreement and Amendments entitled Allied to be named as an additional insured for the purposes of Worker's Compensation, Employer's Liability, Public Liability and Automobile Liability at the time of the occurrence.

D. Service of the Parties

The defendants have been served and counsel on behalf of both of the Defendants have appeared and answered the allegations contained within Plaintiff's Complaint.

E. Damages

Third Party Plaintiff is seeking reimbursement of its costs, expenses and attorneys fees related to defending Allied Waste in the action filed by Plaintiff. Additionally, Third Party is seeking reimbursement for any and all expenses incurred as a result of the Third Party Complaint. As of March 24, 2010, Allied Waste had incurred $46,510.50 in attorneys' fees and

$4,599.47 in costs. This recovery is limited to Counts II and III of Allied's Third-party Complaint. Count I of Third Party Plaintiff's Complaint remains pending the decision of the Plaintiff to appeal the Court's granting of Allied Waste's Motion for Summary Judgment.

F. <u>Status of Motions</u>

There are no pending motions in this case. The Court previously ruled on multiple Motions to Compel against Plaintiff, Motions for Sanctions against Plaintiff, Plaintiff's Motion to Voluntarily Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff's Motion to Strike Affidavit and Defendant's Motion for Summary Judgment. Allied Waste intends to move for leave to file a Motion for Judgment on the Pleadings and/or Motion for Summary Judgment against K.R. Drenth.

G. <u>Jury Demand</u>

The parties have demanded a jury trial of this matter.

H. <u>Summary of Discovery To Date</u>

Allied Waste participated in extensive discovery with Plaintiff, Bardwell, prior to filing its Motion for Summary Judgment. Allied Waste does not anticipate issuing any additional written discovery in this case. Third Party Defendant (on Counts II and III) has indicated that it may issue written discovery, however to date no written discovery has been served by Third Party Defendant. Third-party Defendant (on Count I) does not require any discovery on the Contribution count.

There is no discovery cut-off, pre-trial order or trial dates at this time.

I. <u>Scheduling Order</u>

No scheduling order has been entered. The parties propose a six month fact discovery deadline. The proposed Rule 16(b) deadlines are:

The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) by July 15, 2010 if they have not done so already.
All non expert discovery will be completed by October 15, 2010.
Reports from retained experts under Fed.R.Civ.P. 26(a)(2), if any, are due as follows:
     i.    from Third Party Plaintiff by November 16, 2010
     ii.   from Third Party Defendant by December 16, 2009
All expert discovery completed by January 17, 2010
Filing Motions – February 17, 2010

J.    Electronically Stored Information

The parties do not anticipate discovery of Electronically Stored Information in this case and no agreements have been reached in regarding ESI.

K.    Anticipated Trial Date

The parties anticipate being ready for trial by Spring 2011 and anticipates a trial of possibly two to three days. No pretrial order has been prepared nor is one in the process of being prepared.

L.    Settlement Discussions.

The Third Party Plaintiff made a settlement demand to the representative of the Third Party Defendants (for Counts II and III) to settle this matter for 75% of the total attorneys' fees and cost in March 2010. The total amount of attorneys' fees and costs were provided to Third Party Defendant at that time. In April 2010 Third Party Defendant advised that no response to the settlement demand would be forthcoming. As previously stated Count I of Third Party Plaintiff's Complaint remains pending the decision of the Plaintiff to appeal the Court's granting of the Motion for Summary Judgment.

Date: June 8, 2010


/s/   Deidre Baumann
Attorney for Plaintiff


/s/   Paige C. Manley
Attorney for Defendant/Third Party Plaintiff


/s/   Paul Allen Tsukuno
Attorney for Third Party Defendant


/s/   Steven K. Becker
Attorney for Third Party Defendant